IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| SAMUEL BAUTISTA DIAZ, *et al.*, | ) |
| | ) |
| *Petitioners,* | ) |
| | ) |
| v. | )  1:26-cv-376 (PTG/IDD) |
| | ) |
| KRISTI NOEM, *et al.*, | ) |
| | ) |
| *Respondents.* | ) |

## <u>ORDER</u>

This matter comes before the Court on Petitioners Samuel Bautista Diaz, Feliciano Reyes Reyes, and Walter Nixon Escobar's Petition for a Writ of Habeas Corpus (the "Petition"). Dkt. 1.

Petitioner Samuel Bautista Diaz is a citizen of Honduras who entered the United States without inspection in 2009. *Id.* ¶ 37. According to the Petition, on January 29, 2026, Immigration and Customs Enforcement ("ICE") officers arrested this Petitioner. *Id.* ¶ 39.

Petitioner Feliciano Reyes Reyes is a citizen of Mexico who entered the United States without inspection in 2014. *Id.* ¶ 44. According to the Petition, on January 28, 2026, ICE officers arrested this Petitioner. *Id.* ¶ 46.

Petitioner Walter Nixon Escobar is a citizen of El Salvador who entered the United States without inspection in or around 2016. *Id.* ¶ 51. According to the Petition, on January 28, 2026, ICE officers arrested this Petitioner. *Id.* ¶ 53.

All Petitioners are currently being detained at the Farmville Detention Center, which is within this Court's jurisdiction. *Id.* ¶¶ 4–6. Petitioners now sue Jeff Crawford, the Warden of the Farmville Detention Center, and others, alleging that their continued detention violates their constitutional rights. *Id.* ¶¶ 61–76. Respondents contend that Petitioners' detention is mandatory under 8 U.S.C. § 1225(b)(2)(A). Dkt. 5 at 1–2. Upon consideration of the Petition (Dkt. 1),

Respondents' Opposition[1] (Dkt. 5), the Court concludes that Petitioners are entitled to a bond hearing. Thus, the Petition is **GRANTED**.

The Court finds that Petitioners are not "applicant[s] for admission" and are therefore not subject to detention under 8 U.S.C. § 1225(b).   This Court, and others in this District, have repeatedly rejected Respondents' assertion that any immigrant without lawful status, including each Petitioner, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. 7 at 2. *See, e.g., Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *5-13 (E.D. Va. Sept. 19, 2025; *Quispe-Ardiles v. Noem*, No. 1:25-cv-1382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Garcia v. Noem*, No. 1:25-cv-1712, 2025 WL 3111223, at *3 (E.D. Va. Nov. 6, 2025).  Courts outside of this jurisdiction have also been unequivocal in their rebuff of Respondents' actions.[2] To be clear, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the United States pending their removal." *Hasan*, 2025 WL 2682255, at *6 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)).  Each Petitioner has resided in the United States for over nine years.[3] Dkt. 1 ¶ 39, 44, 51.  Therefore, each Petitioner is entitled to an immediate bond hearing under § 1226(a), and its implementing regulations, before an immigration judge.  Accordingly, it is hereby

---

[1] In accordance with the Court's show cause order (Dkt. 2), Respondents filed a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in *Andrade Portillo v. Perry, et al.*, 1:25-cv-1646 (E.D. Va.).  Accordingly, Respondents' substantive arguments in *Andrade Portillo* will be incorporated into this matter.

[2] *See Demirel v. Fed. Det. Ctr. Phila.*, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting that "the law is clear" that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here"). Although Respondents rely on the Fifth Circuit's decision reaching a contrary conclusion, that decision is not binding here. *CASA de Maryland, Inc. v. Trump*, 971 F.3d 220, 260 (4th Cir. 2020).

[3] Additionally, Respondents do not raise any issue of criminal history that should preclude Petitioner's request for immediate release.

2

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**; it is further

**ORDERED** that Petitioners be immediately released from custody, with all their personal property, pending their bond hearing before an immigration judge. Petitioners must each live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order. Petitioners must also appear at the bond hearing once the government notifies them of its date, time, and location; it is further

**ORDERED** that Respondents must provide each Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen (14) days of the date of this Order; it is further

**ORDERED** that Respondents are **ENJOINED** from denying either Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioners unless they have committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2); and it is further

**ORDERED** that the parties shall file a status report on the status of each Petitioner's bond hearing within three (3) days of each bond hearing. The status report shall detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioners' favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 12th day of February, 2026.
Alexandria, Virginia

_____ /s/
Patricia Tolliver Giles
United States District Judge